NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MILY MAGDA AYRA CASTANEDA; A. L. E. A., | No. 24-7794 |
| Petitioners, | Agency Nos. A240-588-402 A240-494-451 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2026**
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

Ayra Castaneda and her minor daughter, both natives and citizens of Peru,

petition for review of a decision of the Board of Immigration Appeals affirming an

immigration judge's denial of their motion to reopen their proceedings and rescind

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their in absentia removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the denial of a motion to reopen for abuse of discretion. *Montejo-Gonzalez v. Bondi*, 166 F.4th 851, 854 (9th Cir. 2026) (en banc). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (quoting *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021)).

An in absentia removal order may be rescinded "upon a motion to reopen . . . if the alien demonstrates that the failure to appear was because of exceptional circumstances," 8 U.S.C. § 1229a(b)(5)(C)(i), that were "beyond the control of the alien," *id.* § 1229a(e)(1). "In other words, the circumstances (1) must cause the noncitizen's failure to appear, (2) must be beyond the petitioner's control, and (3) must be sufficiently compelling." *Montejo-Gonzalez*, 166 F.4th at 854. There are no "bright-line rules about what can or cannot qualify as an exceptional circumstance." *Id*. at 856. Rather, the Board must look "'to the particularized facts presented in each case'" and consider the "totality of the circumstances." *Id.* at 854 (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)).

The Board did not abuse its discretion in denying petitioners' motion to reopen. First, unlike in *Montejo-Gonzalez*, the Board did not apply any bright-line

rules. *See* 166 F.4th at 856. The Board expressly recognized that our precedent requires an analysis "under the totality of the circumstances," and it acknowledged that "[u]nder certain circumstances, traffic or other conditions may support a finding of exceptional circumstances." Consistent with that standard, the Board considered the particularized facts of petitioners' case, including (1) the reasons petitioners missed their hearing, (2) whether petitioners had a "motive for failing to appear," and (3) whether denying their motion would lead to "unconscionable results."

Second, the Board's decision was supported by the record and was not arbitrary or irrational. *See Montejo-Gonzalez*, 166 F.4th at 854. As the Board recognized, and as petitioners concede, the lead petitioner mistyped the ZIP Code for the immigration court into Lyft, causing her to be taken to the wrong neighborhood in San Francisco. This mistake compounded the risks inherent in her decision to begin travel only 75 minutes before her hearing—despite knowing that she needed to call a rideshare to take her child to daycare and then call a second car to downtown San Francisco during morning rush hour. As a result, even though the immigration judge gave the lead petitioner a 20-minute grace period after the scheduled start time, she still did not arrive until after the immigration judge had ordered petitioners removed in absentia.

We do not question that the lead petitioner's failure to appear was

unintentional. But the Board was well within its discretion to determine, under these circumstances, that petitioners failed to establish the requisite "exceptional circumstances . . . beyond [their] control." 8 U.S.C. § 1229a(e)(1). The Board did not abuse its discretion in denying the motion to reopen.

The motion (Dkt. No. 8) and supplemental motion (Dkt. No. 9) to stay removal are denied.

**PETITION DENIED.**